AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA
V.
EMILIO MENDOZA (2)

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 3:25-CR-00593-RSH

Jose Andres Orozco
Defendant's Attorney

**USM Number** 16768-506

☐ –

THE DEFENDANT:

☒ pleaded guilty to count(s) 1 of the Indictment

☐ was found guilty on count(s) ______
after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| **Title and Section / Nature of Offense** | **Count** |
|---|---|
| 21:841(a)(1), 846; 21:853 - Conspiracy to Distribute Cocaine | 1 |

The defendant is sentenced as provided in pages 2 through **12** of this judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) ______

☐ Count(s) ______ is dismissed on the motion of the United States.

☒ Assessment : $100.00 imposed

–

☐ JVTA Assessment*: $

-

*Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

☒ No fine ☒ Forfeiture pursuant to order filed 4/9/2026 , included herein.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in the defendant's economic circumstances.

August 21, 2026
Date of Imposition of Sentence

HON. ROBERT S. HUIE
UNITED STATES DISTRICT JUDGE

DEFENDANT: EMILIO MENDOZA (2)
CASE NUMBER: 3:25-CR-00593-RSH



## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
20 months

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).

☒ The court makes the following recommendations to the Bureau of Prisons:

Incarceration in or near the Southern District of California to facilitate family visits

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant must surrender to the United States Marshal for this district:

- ☐ at ____________ A.M. on ______________________
- ☐ as notified by the United States Marshal.

☐ The defendant must surrender for service of sentence at the institution designated by the Bureau of Prisons:

- ☐ on or before
- ☐ as notified by the United States Marshal.
- ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on ______________________ to ______________________

at ______________________ , with a certified copy of this judgment.

______________________
UNITED STATES MARSHAL

By ______________________
DEPUTY UNITED STATES MARSHAL

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant will be on supervised release for a term of:
3 years

## MANDATORY CONDITIONS

1. The defendant must not commit another federal, state or local crime.
2. The defendant must not unlawfully possess a controlled substance.
3. The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (check if applicable)
4. ☐ The defendant must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (check if applicable)
5. ☒ The defendant must cooperate in the collection of DNA as directed by the probation officer. (check if applicable)
6. ☐ The defendant must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where the defendant resides, works, is a student, or was convicted of a qualifying offense. (check if applicable)
7. ☐ The defendant must participate in an approved program for domestic violence. (check if applicable)

The defendant must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

As part of the defendant's supervised release, the defendant must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for the defendant's behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in the defendant's conduct and condition.

1. The defendant must report to the probation office in the federal judicial district where they are authorized to reside within 72 hours of their release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.

3. The defendant must not knowingly leave the federal judicial district where the defendant is authorized to reside without first getting permission from the court or the probation officer.

4. The defendant must answer truthfully the questions asked by their probation officer.

5. The defendant must live at a place approved by the probation officer. If the defendant plans to change where they live or anything about their living arrangements (such as the people living with the defendant), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. The defendant must allow the probation officer to visit them at any time at their home or elsewhere, and the defendant must permit the probation officer to take any items prohibited by the conditions of their supervision that he or she observes in plain view.

7. The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment the defendant must try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about their work (such as their position or their job responsibilities), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. The defendant must not communicate or interact with someone they know is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, they must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If the defendant is arrested or questioned by a law enforcement officer, the defendant must notify the probation officer within 72 hours.

10. The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. The defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant must comply with that instruction. The probation officer may contact the person and confirm that the defendant notified the person about the risk.

13. The defendant must follow the instructions of the probation officer related to the conditions of supervision.

## SPECIAL CONDITIONS OF SUPERVISION

1. Not enter or reside in the Republic of Mexico without permission of the court or probation officer and comply with both United States and Mexican immigration laws.
2. Report all vehicles owned or operated, or in which you have an interest, to the probation officer.
3. Submit your person, property, house, residence, vehicle, papers, [computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media,] or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The offender must warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the offender has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

//

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>EMILIO MENDOZA (2),<br>Defendant. | Case No. 25CR593-RSH<br><br>PRELIMINARY ORDER OF CRIMINAL FORFEITURE |

WHEREAS, in the Indictment the United States sought forfeiture of all right, title and interest in property of Defendant EMILIO MENDOZA ("Defendant"), pursuant to Title 21, United States Code, Sections 853(a)(1) and 853(a)(2), as property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the violation of Title 21, United States Code, Sections 841(a)(1) and 846, and as property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the violation of Title 21, United States Code, Sections 841(a)(1) and 846, as set forth in Count 1 of the Indictment; and,

WHEREAS, on or about November 04, 2025, Defendant pled guilty before Magistrate Judge Jill L. Burkhardt to Count 1 of the Indictment, for which the United States alleged forfeiture pursuant to Title 21, United States Code, Sections 853(a)(1) and 853(a)(2) which include the following:

1) Mossberg, unknown caliber, model: 590, S/N: V1336098

2) Lee Armory rifle barrel, model: LAAKM, unknown caliber, S/N: LA002573
3) Kalashnikov rifle USA, caliber: 9mm, model: K9, S/N: K90009732
4) Polymer 80 9mm, model: PF940SC, unknown serial
5) Smith and Wesson, caliber: 357, model:586, S/N: AEA4198
6) Steyr Arms 13USA 277, model: AugA3 M1, S/N: STG77702
7) Mossberg, caliber: 410, unknown model, S/N: R511642
8) Magnum Research, caliber: 44, model: Desert Eagle, S/N: DK0070586
9) Polymer 80 9mm, model: PF940SC, unknown serial
10) Sig Sauer 9mm, model: P938, S/N: 52B111161
11) Taurus, caliber: .38 revolver, unknown model, S/N: 1080718
12) Ruger LCP, caliber: 380, model: 380 auto, S/N: 371180741
13) Springfield Armory, caliber: 45, model: 1911-A1, S/N: NM483425
14) Cobray 9mm pistol, model: m-11, S/N: 890025087
15) Phoenix Arms, caliber: 22, model: HP22A, unknown serial
16) Beretta 9mm pistol, model: 92FS, S/N: M87470Z
17) Kimber pistol, unknown caliber, model: Ultra CDPII, S/N: KU366899
18) Savage Arms, caliber:308, model: Axis , S/N: H560723
19) German Sports Gun, caliber 22, model: GSG 16 rifle S/N: A896861
20) Aero Precision, model: M4E1, Caliber 556 ,S/N: M40352282 or M40362282
21) Akkar Churchill, unknown caliber, model: 612, S/N: 21101545
22) Kalashnikov USA, caliber: 762, model: KR103, S/N: K3R0019366
23) Blue lines solutions German Sports Gun Mauser, caliber: 762, model: AK47, S/N: BL99416
24) PC Carbine, 9mm, Make: Ruger, S/N: 91100370
25) AR-15, model: 556, S/N: Unknown

26) Pistol stock firearm part
27) AR15 lower part
28) Miscellaneous rifle parts
29) Pistol Barrel
30) Rifle bolt
31) P80 milling jig kit
32) Two (2) Pistol barrel
33) (2) two Hand gun supressors
34) Rifle magazine
35) Magpull rifle magazine
36) Hex rifle magazine
37) Two (2) pistol magazines
38) Four (4) pistol and rifle magazines
39) Pistol magazine
40) Eighteen (18) miscellaneous magazines
41) Five (5) rifle magazines
42) Four (4) pistol magazines
43) Four (4) pistol magazines
44) Nine (9) pistol magazines
45) Miscellaneous ammunitions including bags and loose ammunition
46) Three (3) pistol holsters
47) Gun belt
48) Body armor plate, S/N: 36X8CR
49) Ballistic vest
50) Black bag with ammo

WHEREAS, on August 22, 2025, this Court accepted the guilty plea of Defendant; and

WHEREAS, by virtue of said guilty plea, the United States is now entitled to possession of the above- referenced specific properties, pursuant to Title 21, United States Code, Sections 853(a)(1) and 853(a)(2), and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and,

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the above-referenced specific properties which are hereby found forfeitable by the Court; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Based upon the guilty plea of the Defendant to Count 1 of the Indictment, the United States is hereby authorized to take custody and control of the specific properties, and all right, title and interest of Defendant EMILIO MENDOZA in the following specific properties is hereby forfeited to the United States pursuant to Title 21, United States Code, Sections 853(a)(1) and 853(a)(2) for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

1) Mossberg, unknown caliber, model: 590, S/N: V1336098
2) Lee Armory rifle barrel, model: LAAKM, unknown caliber, S/N: LA002573
3) Kalashnikov rifle USA, caliber: 9mm, model: K9, S/N: K90009732
4) Polymer 80 9mm, model: PF940SC, unknown serial
5) Smith and Wesson, caliber: 357, model:586, S/N: AEA4198
6) Steyr Arms 13USA 277, model: AugA3 M1, S/N: STG77702
7) Mossberg, caliber: 410, unknown model, S/N: R511642
8) Magnum Research, caliber: 44, model: Desert Eagle, S/N: DK0070586
9) Polymer 80 9mm, model: PF940SC, unknown serial
10) Sig Sauer 9mm, model: P938, S/N: 52B111161

11) Taurus, caliber: .38 revolver, unknown model, S/N: 1080718

12) Ruger LCP, caliber: 380, model: 380 auto, S/N: 371180741

13) Springfield Armory, caliber: 45, model: 1911-A1, S/N: NM483425

14) Cobray 9mm pistol, model: m-11, S/N: 890025087

15) Phoenix Arms, caliber: 22, model: HP22A, unknown serial

16) Beretta 9mm pistol, model: 92FS, S/N: M87470Z

17) Kimber pistol, unknown caliber, model: Ultra CDPII, S/N: KU366899

18) Savage Arms, caliber:308, model: Axis , S/N: H560723

19) German Sports Gun, caliber 22, model: GSG 16 rifle S/N: A896861

20) Aero Precision, model: M4E1, Caliber 556 ,S/N: M40352282 or M40362282

21) Akkar Churchill, unknown caliber, model: 612, S/N: 21101545

22) Kalashnikov USA, caliber: 762, model: KR103, S/N: K3R0019366

23) Blue lines solutions German Sports Gun Mauser, caliber: 762, model: AK47, S/N: BL99416

24) PC Carbine, 9mm, Make: Ruger, S/N: 91100370

25) AR-15, model: 556, S/N: Unknown

26) Pistol stock firearm part

27) AR15 lower part

28) Miscellaneous rifle parts

29) Pistol Barrel

30) Rifle bolt

31) P80 milling jig kit

32) Two (2) Pistol barrel

33) (2) two Hand gun supressors

34) Rifle magazine

35) Magpull rifle magazine

36) Hex rifle magazine

37) Two (2) pistol magazines

38) Four (4) pistol and rifle magazines

39) Pistol magazine

40) Eighteen (18) miscellaneous magazines

41) Five (5) rifle magazines

42) Four (4) pistol magazines

43) Four (4) pistol magazines

44) Nine (9) pistol magazines

45) Miscellaneous ammunitions including bags and loose ammunition

46) Three (3) pistol holsters

47) Gun belt

48) Body armor plate, S/N: 36X8CR

49) Ballistic vest

50) Black bag with ammo

2. The aforementioned forfeited assets are to be held by the Federal Bureau of Investigation in its secure custody and control.

3. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties. The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third-party petitions filed with the Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

4. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions,

the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the specific properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited specific properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the specific properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited specific properties and any additional facts supporting the petitioner's claim and the relief sought.

6. The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties that are the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to Title 21 U.S.C. § 853(n) as to the aforementioned assets, in which all interests will be addressed.

8. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

DATED: 4/9/26

Robert S. Huie

Honorable Robert S. Huie
United States District Judge